1:23-cv-08705 (AT)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

J.M. AND K.M., ON BEHALF OF THEMSELVES AND
THEIR MINOR CHILD, M.M.,

Plaintiffs,

-against-

NEW YORK CITY DEPARTMENT OF EDUCATION,
BOARD OF EDUCATION OF THE CITY SCHOOL
DISTRICT OF THE CITY OF NEW YORK,
CHANCELLOR DAVID BANKS IN HIS OFFICIAL
CAPACITY, AND THE CITY OF NEW YORK,

Defendants.

**DEFENDANTS' MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFFS' APPLICATION FOR EMERGENCY INJUNCTIVE RELIEF**

**HON. SYLVIA O. HINDS-RADIX**
*Corporation Counsel of the City of New York*
Attorney for Defendants
100 Church Street
New York, New York 10007

Of Counsel: Daniel R. Perez
Tel: (212) 356-0877
Dated: October 23, 2023

# TABLE OF CONTENTS

**Page**

PRELIMINARY STATEMENT ................................................................................................. 1

STATEMENT OF FACTS ....................................................................................................... 2

        A.    The Underlying Administrative Proceedings.................................................... 2

        B.    Plaintiffs' Application for Emergency Injunctive Relief and DOE's Efforts to Implement M.M.'s Transportation Accommodations. ................................................................ 4

LEGAL STANDARD ............................................................................................................. 5

ARGUMENT .......................................................................................................................... 6

        POINT I ......................................................................................................... 6

           PLAINTIFFS' TRAVEL TIME, PARAPROFESSIONAL AND HARNESS CLAIMS ARE MOOT........................................................................ 6

        POINT II ........................................................................................................ 8

           PLAINTIFFS HAVE NOT IDENTIFIED ANY IRREPERABLE HARM RELATING TO THE BCBA CLAIM........................................................................ 8

        POINT III ....................................................................................................... 8

           PLAINTIFFS HAVE NOT ESTABLISHED A BASIS FOR INJUNCTIVE RELIEF WITH RESPECT TO THE PARAGRAPH B CLAIMS ......................................... 8

CONCLUSION....................................................................................................................... 9

## PRELIMINARY STATEMENT

Plaintiffs J.M. and K.M., the parents of a minor child diagnosed with Autism Spectrum Disorder ("ASD") classified as a student with disability pursuant to the Individuals with Disabilities Education Act (IDEA), 20 U.S.C. §§ 1400, *et seq.*, filed the Complaint in this action on October 4, 2023,[1] and seek the issuance of an emergency order for mandatory injunctive relief, *see* ECF No. 9 (the "Proposed Order"), requiring Defendants New York City Department of Education ("DOE"), the New York City Board of Education, the City of New York and New York City School District Chancellor David C. Banks in his official capacity to provide, *inter alia*, transportation accommodations pursuant to the IDEA's pendency or 'stay-put' provision, 20 U.S.C. § 1415(j).  Specifically, the Proposed Order would compel Defendants to provide immediately (a) a five-point safety harness (the "Harness Claim"); (b) a trained paraprofessional (the "Paraprofessional Claim"); (c) limited travel time (the "Travel Time Claim"); and (d) an assessment by a Board-Certified Behavior Analyst (BCBA; the "BCBA Claim").  *See* Proposed Order ¶ a; ECF No. 8-5 at 25 (setting forth the specific relief encompassed within the BCBA Claim).[2]  The Proposed Order also directs Defendants to "arrange for and timely pay directly for" certain additional services set forth enumerated in enumerated in Paragraph b of the Proposed Order (the "Paragraph B Claims") pursuant to 20 U.S.C. § 1415(j).

The Court should reject Plaintiffs' claim for mandatory preliminary injunctive relief because DOE is currently and actively working to address all of Plaintiffs' claims.  First, the DOE has implemented a revised bus route for M.M. and retained a paraprofessional to

---

[1] *See* ECF No. 1.

[2] *See* Proposed Order ¶ b; *see also* Point III, *infra*.

accompany him to and from the Manhattan Behavior Center ("MBC") meaning the Travel Time and Paraprofessional Claims are moot. Similarly, the DOE has purchased and is awaiting delivery of vests procured to resolve Plaintiffs' Harness Claim and the entry of a mandatory injunction is unlikely to further expedite the DOE's receipt of the vests. Second, the DOE is willing to retain a BCBA of Plaintiffs' choosing to resolve the BCBA Claim and Plaintiffs have not established any irreparable harm flowing from Defendants inability to arrange a BCBA assessment so far. Finally, Plaintiffs have failed to allege and/or establish grounds for the issuance of mandatory injunctive relief with respect to the Paragraph B Claims.

Defendants remain committed to implementing the outstanding transportation accommodations voluntarily as soon as reasonably practicable.  Accordingly, Defendants ask the Court to either decline to enter the Proposed Order to compel DOE to implement the remaining accommodations it is already working to arrange or set a date for compliance with any such injunction that would allow Defendants to continue working to resolve the dispute without immediately exposing Defendants to the prospect of potential civil contempt liability.

## STATEMENT OF FACTS

### A.    The Underlying Administrative Proceedings

On April 21, 2021, Impartial Hearing Officer ("IHO") Suzanne M. Carter issued the underlying Findings of Fact & Decision (the "FOFD") ordering a program for M.M. for the 2020/2021 school year that included, *inter alia*:

- "A full-time, 1:1 ABA program during the school day at NYCLI," a defunct school that was located roughly ten minutes from M.M.'s home in Whitestone, Queens,[3] "or a comparable program if NYCLI [was] not available"; and

---

[3] ECF No. 8-1 ¶ 33.

- "Appropriate transportation and, if that is not available, prospective payment or reimbursement for a car service (at the parent's election) or reimbursement for mileage…"[4]

As Plaintiffs acknowledge, the DOE transported M.M. to and from NYCLI without encountering significant difficulties.  *See* ECF No. 8-1 ¶ 33 ("While M.M. had some issues on [the bus to NYCLI] initially, he was able to ride the bus without incident").

Difficulties arose, however, after M.M. began attending MBC in Manhattan on August 7, 2023, following NYCLI's "abrupt[] clos[ure] on June 8, 2023." ECF No. 8-1 ¶¶ 14, 17. On August 22, 2023, the DOE attempted initially to address the challenges surrounding M.M.'s transportation to and from MBC by offering to provide a car service, ECF No. 8-3 at 19, an alternative suggested by the FOFD itself. *See* ECF No. 8-2 at 8. The DOE's offer to provide car service proved unworkable, however, due to M.M.'s parents' need to work and/or look after M.M.'s younger sibling who has also been diagnosed with ASD. *See* ECF No. 8-3 at 20.

Following an August 25, 2023 hearing, IHO John Farago entered an Order on Pendency dated August 29, 2023 (the "First Pendency Order"). The First Pendency Order mandated, *inter alia*, that the DOE provide M.M. with:

- A 5-point harness "if the district deems it essential to the safety of the student and/or others"; and

- "[A] 1:1 transportation paraprofessional to be utilized by the district if it deems further adult supervision to be necessary…"[5]

Subsequently, on September 24, 2023, IHO Farago issued two additional orders. First, IHO Farago issued a third Order on Pendency (the "Third Pendency Order") that set forth an *unqualified* directive to furnish M.M. with a 5-point harness and the supervision of a

---

[4] ECF No. 8-2 at 8.

[5] ECF No. 8-5 at 4.

transportation paraprofessional. *See* ECF No. 8-5 at 19 (acknowledging that the First Pendency Order maintained the DOE's discretion to assess the need to deploy the 5-point harness and/or retain a 1:1 transportation paraprofessional).  IHO Farago also issued an Interim Order that directed the DOE, for the first time, to arrange for the assessment of, *inter alia*, M.M.'s relationship with the paraprofessional retained to accompany him in transit to and from MBC. *See* ECF No. 8-5 at 25.

      **B.**      **Plaintiffs' Application for Emergency Injunctive Relief and DOE's Efforts to Implement M.M.'s Transportation Accommodations.**

On October 4, 2023, eight business days following the issuance of the Third Pendency Order and the Interim Order, Plaintiffs commenced this litigation to enforce the Pendency Orders and the Interim Order. *See* ECF No. 1. Plaintiffs filed the instant application for emergency injunctive relief two days later, on October 6, 2023. *See* ECF No. 6. Following conferences with the parties on October 10 and October 17, 2023, the Court directed Defendants to respond to Plaintiffs' application for emergency injunctive relief by October 23, 2023. *See* ECF No. 17.

Concurrent with Plaintiffs' commencement of litigation, DOE personnel worked to implement the transportation accommodations set forth in IHO Farago's August and September Orders. First, DOE personnel formulated a revised bus route that would limit the M.M. spent traveling to and from MBC that has been in effect since October 17, 2023. *See* Declaration of Dianne Beediahram dated October 23, 2023 (the "Beediahram Decl.") ¶ 6. Pursuant to the revised bus route, M.M. will remain the last student to board the bus during each trip and the first student to depart. *See* Beediahram Decl. ¶¶ 3-6.

Second, by October 12, 2023, the DOE had arranged for a paraprofessional to accompany M.M. beginning on October 16, 2023. *See* Declaration of Fabiana Czemerinski dated

October 23, 2023 (the "Czemerinski Decl.") ¶ 4. The DOE then expeditiously retained a replacement paraprofessional to accompany M.M. after the original transportation declined the engagement with M.M., without prior warning to the DOE, on October 16, 2023. *See* Czemerinski Decl. ¶ 7. The replacement paraprofessional has accompanied M.M. to and from MBC each school day beginning on October 18, 2023. *See* Czemerinski Decl. ¶ 9.

Third, the DOE has also purchased two types of vest restraints, an EZ-ON 543 Kid Cam Conversion Vest For School Buses Only (the "EZ Vest") and a Bus & Vehicle Securements Universal Vest (the "BESI Vest") in an effort to expedite the resolution of Plaintiffs' Harness Claim. *See* Czemerinski Decl. ¶¶ 10-15. Although the DOE has yet to receive either the EZ Vest or the BESI Vest, DOE personnel worked diligently to identify DOE-approved vendors with the vests in stock and expedite delivery. *See* Czemerinski Decl. ¶¶ 13-15.

Finally, the DOE is willing to compensate a BCBA of Plaintiffs' choosing to perform the assessment provided for in the Interim Order in order to resolve the BCBA Claim. In short, Defendants have implemented certain aspects of IHO Farago's August and September 2023 orders and are attempting to work with Plaintiffs to resolve their remaining claims expeditiously.

## **LEGAL STANDARD**

"A preliminary injunction is an extraordinary and drastic remedy. . . it is never awarded as of right." *Munaf v. Geren*, 553 U.S. 674, 689 (2008) (internal citations and quotation marks omitted). The party seeking the preliminary injunction must establish "that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Winter v. NRDC, Inc.,* 555 U.S. 7, 20 (2008) (internal citations omitted); *see Neske v.*

5

*N.Y. City. Dep't of Educ.*, No. 20-3912, 2021 U.S. Dist. LEXIS 36477, at *15–16 (S.D.N.Y. Feb. 25, 2021).

## ARGUMENT

### POINT I

### PLAINTIFFS' TRAVEL TIME, PARAPROFESSIONAL AND HARNESS CLAIMS ARE MOOT

The Court should deny the application for mandatory injunctive relief relating to the Travel Time and Paraprofessional Claims because the DOE's formulation of a shortened bus route and for M.M. and retention of a paraprofessional to accompany him on the bus renders those claims moot. Similarly, while DOE has yet to receive the security vests procured for M.M.'s use, the imposition of an injunction mandating the provision of the vests is unlikely to further expedite delivery in light of the steps the DOE has already taken.

"The mootness doctrine is derived from Article III of the Constitution, which provides that federal courts may decide only live cases or controversies." *Van Wie v. Pataki*, 267 F.3d 109, 113 (2d Cir. 2001); *see also Doyle v. Midland Credit Mgmt., Inc.*, 722 F.3d 78, 80 (2d Cir. 2013) (*per curiam*) ("Under Article III of the U.S. Constitution, when a case becomes moot, the federal courts lack subject matter jurisdiction over the action.") (internal quotation marks and citation omitted). "This case-or controversy requirement subsists through all stages of federal judicial proceedings, trial and appellate." *Knaust v. City of Kingston*, 157 F.3d 86, 88 (2d Cir. 1998), *cert. denied*, 526 U.S. 1131, 143 L. Ed. 2d 1009, 119 S. Ct. 1805 (1999). "A case is moot…when the parties lack a legally cognizable interest in the outcome." *Fox v. Board of Trustees of the State Univ.*, 42 F.3d 135, 140 (2d Cir. 1994) (internal quotation marks and citations omitted) (holding that Plaintiff students' injunctive and declaratory claims against

university were rendered moot by their graduation because the "relief sought in the Complaint could provide no legally cognizable benefits to Plaintiffs once they had left the SUNY system").

"The required legally cognizable interest has alternatively been described as a requirement that a plaintiff have a 'personal stake' in the litigation." *Id*. "If an intervening circumstance deprives the plaintiff of a 'personal stake in the outcome of the lawsuit,' at any point during litigation, the action can no longer proceed and must be dismissed as moot." *Genesis HealthCare Corp. v. Symczyk*, 569 U.S. 66, 72 (2013) (quoting *Lewis v. Continental Bank Corp.*, 494 U.S. 472, 477-478, (1990); *see also Van Wie*, 267 F.3d at 113 (2d Cir. 2001) ("A case becomes moot when interim relief or events have eradicated the effects of the defendant's act or omission….") "The mootness doctrine ensures that the litigant's interest in the outcome continues to exist throughout the life of the lawsuit, including the pendency of the appeal." *Cook v. Colgate Univ.*, 992 F.2d 17, 19 (2d Cir. 1993) (citations omitted) (equitable claims against university mooted by graduation of plaintiffs).

As discussed above, the DOE has devised a new bus route for M.M. to limit the time he spends in transit to and from MBC and has retained a transportation paraprofessional that has been accompanying him on the bus since October 18, 2023. *See* Beediahram Decl. ¶¶ 3-6.; Czemerinski Decl. ¶¶ 7-9. Accordingly, Plaintiffs' Travel Time and Paraprofessional Claims are now moot.

Finally, while DOE has yet to receive the EZ Vest and BESI Vest it purchased for M.M.'s use, the DOE has taken reasonable steps to assure the resolution of the Harness Claim, including ordering multiple vests and contacting DOE-approved suppliers with units in stock to expedite shipment and delivery. *See* Czemerinski Decl. ¶¶ 10-15. Accordingly, at this stage, the entry of mandatory injunctive relief is unlikely to render the DOE capable of resolving the Harness Claim with greater speed. *Cf. United States v. Rylander,* 460 U.S. 752, 757 (1983) ("In

a civil contempt proceeding … a defendant may assert a present inability to comply with the order in question."); *Stone v. City & County of San Francisco,* 968 F.2d 850, 856 (9th Cir. 1992) (noting parties may avoid a finding of civil contempt where have performed "all reasonable steps within their power to insure compliance" with the relevant order).

## POINT II

### PLAINTIFFS HAVE NOT IDENTIFIED ANY IRREPERABLE HARM RELATING TO THE BCBA CLAIM

The Court should also decline to issue mandatory injunctive relief in connection with Plaintiffs' BCBA Claim because Plaintiffs have not demonstrated any irreparable harm flowing from the lack of the BCBA assessment provided for in the Interim Order.

As a preliminary matter, IHO Farago ordered the DOE to retain a BCBA to perform a monitoring function and assist the IHO in assessing the appropriateness of the steps taken by the DOE to implement M.M.'s *other* transportation accommodations. *See* ECF No. 8-5 at 25-26. Moreover, Plaintiffs do not allege any specific irreparable harm Defendants' alleged delay in retaining a BCBA threatens, of itself, to inflict. Accordingly, the Court should decline to issue injunctive relief in connection with Plaintiffs' BCBA Claim.

Finally, the DOE reiterates that it stands ready to retain and compensate a BCBA of Plaintiffs' choosing to perform the assessment detailed in the Interim Order.

## POINT III

### PLAINTIFFS HAVE NOT ESTABLISHED A BASIS FOR INJUNCTIVE RELIEF WITH RESPECT TO THE PARAGRAPH B CLAIMS

Finally, Plaintiffs have not alleged any basis for securing mandatory injunctive relief with respect to the Paragraph B Claims. Plaintiffs have not so much as alleged a potential irreparable injury resulting from the DOE's implementation of the provisions of the FOFD and

accompanying pendency orders aside from the transportation accommodations. In particular, Plaintiffs have alleged any unreasonable delay in funding M.M.'s placement at MBC or suggested such a delay might endanger M.M.'s continued attendance at the school. There is no articulated or demonstrated risk to the student's current educational placement. Accordingly, the Court should reject Plaintiffs' demand for injunctive relief in connection with the Paragraph B Claims. *See* Proposed Order ¶ b.[6]

## **<u>CONCLUSION</u>**

For the reasons set forth herein, Defendants respectfully request that the Court deny Plaintiffs' motion for emergency injunctive relief (ECF No. 6).

Dated:      New York, New York
            October 23, 2023

                                **HON. SYLVIA O. HINDS-RADIX**
                                Corporation Counsel of the City of New York
                                *Attorney for Defendants*
                                100 Church Street
                                New York, New York 10007
                                (212) 356-0877
                                danipere@law.nyc.gov

                        By:         /s/ Daniel R. Perez
                                Daniel R. Perez
                                *Assistant Corporation Counsel*

---

[6] In *Mendez v. Banks*, the Second Circuit explained that:

> The IDEA's stay-put provision does not create an entitlement to immediate payment or reimbursement. Parents or guardians may still be able to obtain such relief if they establish that a delay or failure to pay has jeopardized their child's educational placement. But absent such a showing, the DOE is not obliged to circumvent its ordinary payment procedures.

65 F.4th 56, 63 (2d Cir. Apr. 12, 2023).