THE LAW OFFICE OF
**ELISA HYMAN**, P.C.

August 9, 2024

**MEMO ENDORSED**

Hon. Katharine H. Parker
United States Magistrate Judge
United States Courthouse - Southern District of New York
500 Pearl St.
New York, NY 10007-1312

      Re: *J.M. et al. v. NYC Dep't of Educ., et al.,* No. 23-cv-8705 (AT)(KHP)

Dear Judge Parker:

      <u>I represent the Plaintiffs in the above-referenced case. I am writing jointly to request that the in-person settlement conference scheduled for Monday, August 12, 2024 be converted to an attorney's only teams call with Your Honor to discuss the status of negotiations and potential upcoming challenges that make the timing of completing settlement difficult until after the start of the September 2024 school year.</u>  At present, the parties have been unable to complete the required exchange of settlement proposals and are unprepared to proceed with the settlement conference scheduled for August 12, 2024.  The parties apologize for the delay and resulting inconvenience.  However, the parties believe it would be productive to facilitate settlement to convert the scheduled settlement conference into an opportunity for counsel to update the Court on the status of the negotiations, afford each side an opportunity to speak with Your Honor privately and jointly discuss potential steps to bring the settlement discussions to a resolution.

**<u>Plaintiffs' Position</u>**

      In the above action J.M. and K.M. ("Plaintiffs") brings this action against the New York City Department of Education ("DOE"), Chancellor David Banks and the New York City Board of Education ("BOE") (collectively "DOE") on behalf of their children child, M.M. and. S.M., children with Autism.  Plaintiffs' amended complaint ("FAC") raises claims under the IDEA, 20 U.S.C. § 1400, et *seq.*, the Due Process Clause of the 14th Amendment of the U.S. Constitution, 42 U.S.C. § 1983, Section 504 of the Rehabilitation Act of 1973, 29 U.S.C. § 794 ("Section 504").  There are four categories of claims.  Category I claims are claims that Defendants failed to timely and adequately implement final enforceable administrative hearing orders.  *See, e.g.,* FAC. These orders generally required Defendants to provide various types of special education services, including but not limited to: (a) applied behavior analysis ("ABA") at home and in school; (b) a 1:1 ABA-based school program; (c) occupational, speech and language and physical therapy ("OT" "SLT" and "PT" respectively); and (e) special education transportation.  Category II claims allege that DOE failed to implement J.M.'s right to stay-put under the IDEA

and failed to provide appropriate and safe transportation. 20 U.S.C. § 1415(j). Category III claims involve various systemic claims. *See* Complaint generally.[1]

J.M. and K.M. have two pending IDEA administrative hearings, pursuant to which M.M. is entitled to pendency. They had at least three prior hearings and a federal court case based on the fact that the only way that they can keep their children's ABA programs in place is via litigation.

In the summer of 2023, M.M.'s New York State Approved nonpublic school in which the DOE had placed him, NYCLI, closed permanently. After the school closed, M.M. was out of school for several weeks. Plaintiffs were able to secure implementation of M.M.'s pendency program at the Manhattan Behavioral Center, which the hearing officer ruled was consistent with the student's pendency. At the time, his pendency included the NYCLI program or another 1:1 ABA program if that program is not available, as well as related services of SLT, . 1:1 ABA program with related services of SLT, OT and PT, along with extended day ABA and "appropriate transportation." However, soon after M.M. started, he was exhibiting several dangerous behaviors on the bus, including taking off his seat belt, kicking, hitting, running around, disrobing, playing with and smearing his feces and slamming his head on a window. In August, another 19-year-old child with autism became dysregulated by his behavior and attacked M.M., which caused M.M. to be expelled from the bus. Plaintiffs obtained several orders from the hearing officer to provide transportation accommodations, including a bus harness, a paraprofessional and a Board Certified Behavior Analyst ("BCBA") for training, but the DOE did not implement the accommodations, creating many gravely unsafe situations in the fall, which caused a danger to M.M. and the other riders on the bus.

Plaintiffs obtained a preliminary injunction from Judge Torres (the "Order"; ECF No. 25), but Defendants have not been able to implement the Order fully and/or consistently, in that (a) there have been weeks without a paraprofessional; (b) days without a harness; and (c) the DOE has never been able to implement the BCBA service. We have had to alert counsel numerous times to try to intervene. Further, because this order is only in place insofar as there is pendency as a result of the hearing officer's pendency orders, once that case resolves in October, the orders will expire.

Outside of the transportation problem, the other issues in the case are relatively straightforward and involve only (a) a bank of compensatory hours; and (b) an outstanding from a prior federal stipulation that was so-ordered by Judge Nathan in 2019 (the "2019 Stipulation"); and (c) attorney's fees for two administrative hearings and this action. The parties have reached a tentative agreement with respect to the implementation of compensatory education owed pursuant to an order issued by Impartial Hearing Officer ("IHO") Suzanne Carter in her Findings of Fact and Decision ("FOFD") dated April 22, 2021 in Case No. 185302 (*see* FAC ¶ 81).

Because the transportation arrangements are going to change again when school starts in September, and there are still ongoing issues around the implementation of the Order, the parties

---

[1] Notably, M.M. and S.M., along with J.M., are putative class members of children with autism who claim that they are being denied ABA, 1:1 instruction and after-school services based on blanket policies and practices in the class action entitled *M.G. et al. v. N.Y. City Dep't of Educ., et al.*, 13 CV 4639. That case is in discovery.

2

do not think we can arrive at a final settlement before we confirm the busing is safely implemented when school restarts. Further, DOE's counsel is going to try to resolve the payments owed from the prior stipulation, so we can eliminate those issues from the scope of settlement. As his suggestion, Plaintiffs re-submitted requests for payment on July 23, 2024. Plaintiffs are hoping that there will be some news of a development at the conference. In addition, Plaintiffs expect at least one, if not both, of the pending administrative decisions to be issued in September which may impact the Order (or require Plaintiffs to seek a subsequent Order).

Given the uncertainties surrounding the transportation issue in particular, Plaintiffs are hoping the Court would agree to convert the currently scheduled settlement conference into an attorneys-only teams remote conference to discuss settlement structure options with the parties and whether there are any creative solutions to a settlement structure that would simultaneously (a) afford an adequate level of finality to Defendants, (b) allow J.M. access to judicial intervention through a settlement when needed to address emergencies relating to her children's placement and transportation without having to file a third federal action; and (c) allow J.M. to get off the litigation track for some period of time relative to her child's program and transportation.

**Defendants' Position**

Defendants dispute all liability and reserve all defenses, however, Defendants remain interested settling this litigation. As discussed below, the parties have been making progress in resolving outstanding issues, however, Defendants require certain additional information to obtain the negotiating authority necessary to attempt to reach a complete resolution of the dispute.

Defendants acknowledge that issues have arisen in connection with the availability of a harness during M.M.'s commute and the staffing of transportation paraprofessionals to his case. These difficulties have been episodic and DOE has worked to resolve issues these difficulties when they have arisen. In addition, counsel understands that the DOE is finalizing scheduling with the ABA provider who will be assigned to work with M.M. pursuant to the Court's Order.

Counsel also understands that DOE is already in the process of resolving some or all of the claims for reimbursement relating to the 2019 Stipulation. First, it appears that DOE is working to process payment for the certain evaluation fees reimbursable pursuant to the 2019 Stipulation. Second, counsel understands that, in connection with recent communications between J.M. and the DOE, the DOE requested certain additional proof-of-payment documentation relating to a personal GPS device for M.M. reimbursable pursuant to the 2019 Stipulation that J.M. has provided. Accordingly, counsel is optimistic that issues surrounding the reimbursements provided for in the 2019 Stipulation will be resolved shortly without the need for further litigation.

The parties have also tentatively resolved Plaintiffs' claim for a bank of compensatory hours provided for in the April 2021 FOFD discussed above.

To negotiate a complete resolution of the dispute, however, Defendants require certain additional information from Plaintiffs in order to seek and obtain the requisite negotiating authority. First, Defendants require additional information, including billing records, to obtain

3

negotiating authority with respect to Plaintiffs' claim for attorneys' fees. Second, Defendants understand that Plaintiffs intend to seek additional relief beyond that provided for in prior administrative and/or court orders along the lines described by Plaintiffs above.

Defendants understand Plaintiffs' concerns with respect to the formulation of a settlement demand at present due to the uncertainties relating to, *inter alia*, M.M.'s transportation arrangements going forward. Nevertheless, Defendants require a more fully developed set of demands from Plaintiffs in order to assess Plaintiffs' proposal and potentially obtain authority to negotiate a settlement encompassing such demands.

As a result, Defendants agree that it would be inefficient to proceed with the settlement conference currently scheduled for August 12, 2024, and that it would be advisable to convert the currently scheduled conference into an opportunity for counsel to speak with Your Honor concerning next steps.

**Conclusion**

In light of the foregoing, the parties agree that, notwithstanding the mutual interest in reaching a settlement in this case, proceeding with the currently scheduled settlement conference on Monday, August 12, 2024, would be premature and an ineffective use of the Court's time. Accordingly, the parties respectfully request that the Court convert the scheduled settlement conference into a remote discussion with counsel concerning potential next steps in the settlement discussions. Notwithstanding the above, we are jointly committed to trying to resolve this and we have been making progress in that we have avoided additional motion practice before the Court by working collaboratively when issues concerning transportation following the issuance of the Order have arisen.

If the Court does not agree to convert the conference, we propose that we adjourn a settlement conference with our clients until late September for the reasons set forth above.

Thank you for Your Honor's consideration of the matters herein. Counsel apologize again for the lateness of this letter. We would appreciate the opportunity to speak with you regarding potential avenues making further progress towards a resolution of this litigation.

Sincerely,

*/s/ Elisa Hyman*

Elisa Hyman
Counsel for the Plaintiffs

Cc: Counsel of Record

4

**APPLICATION GRANTED:** The settlement conference in this matter scheduled for <u>Monday, August 12, 2024 at 10:00 a.m.</u> will now be a counsel only proceeding and is hereby converted to Microsoft Teams. Counsel for the parties will be sent an invitation by Judge Parker's chambers prior to the scheduled conference date.

APPLICATION GRANTED

*Katharine H. Parker*

Hon. Katharine H. Parker, U.S.M.J.

**08/09/2024**